IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
98 NOV 23 AM 9:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

BARRY MADDEN, )
)
    Petitioner, )
)
v. ) CIVIL ACTION NO. 98-H-0495-M
)
JAMES DELOACH, WARDEN, and )
THE ATTORNEY GENERAL FOR )
THE STATE OF ALABAMA, )
)
    Respondents. )

ENTERED
NOV 23 1998

## MEMORANDUM OPINION

Barry Madden filed a petition for a writ of habeas corpus with this court on March 2, 1998. He alleges that he was convicted of trafficking and possessing cocaine on September 21, 1995, in the Circuit Court of Colbert County. He was sentenced to a term of imprisonment of ninety-nine (99) years on the trafficking charge and ten (10) years on the possession charge to run concurrently. The Alabama Court of Criminal Appeals affirmed the petitioner's convictions on August 23, 1996, in a memorandum opinion. According to the petitioner, he filed a Rule 32 petition attacking his convictions, claiming, *inter alia*, that he received ineffective assistance of counsel. The petition was denied on June 16, 1997, and the Alabama Court of Criminal Appeals affirmed the denial of his Rule 32 petition on September 26, 1997.

In support of his petition, Madden claims that he received ineffective assistance of counsel at trial. On March 6, 1998, the magistrate judge issued an order to show

cause, requiring the respondents to appear and show why the requested relief should not be granted. The respondents filed an answer on April 17, 1998, addressing the merits of the petitioner's claims. In support of their answer, they included a copy of the complete state court record.

On August 27, 1998, the magistrate judge entered an order notifying the petitioner that the case would be treated as ready for summary disposition and to further inform him of his right to file affidavits or other materials to show why the petition should not be summarily denied or dismissed on the basis of the answer and the records supplied by the respondents. The petitioner was afforded twenty (20) days to respond. After expiration of the allotted time, the petitioner filed a "Motion to Hol[d] in Abeyance Final Ruling on Petitioner's Pending 28 U.S.C. § 2254." In support of his request to have the court stay this matter, he stated that after filing the present habeas corpus petition with this court, he discovered new issues that he felt needed to be raised in the state courts of Alabama. He, therefore, wanted to raise all these "newly discovered issues" before consideration of his § 2254 petition.

Because it is unduly burdensome on the court to hold petitions in abeyance indefinitely, the motion to stay the petition was denied. Before proceeding to the merits of the petitioner's claims, he was allowed fourteen (14) days to determine whether he would like to proceed with this action. The petitioner was afforded three options:

    1.    File an amended petition in this matter, raising all the claims he desired to

cause, requiring the respondents to appear and show why the requested relief should not be granted. The respondents filed an answer on April 17, 1998, addressing the merits of the petitioner's claims. In support of their answer, they included a copy of the complete state court record.

On August 27, 1998, the magistrate judge entered an order notifying the petitioner that the case would be treated as ready for summary disposition and to further inform him of his right to file affidavits or other materials to show why the petition should not be summarily denied or dismissed on the basis of the answer and the records supplied by the respondents. The petitioner was afforded twenty (20) days to respond. After expiration of the allotted time, the petitioner filed a "Motion to Hol[d] in Abeyance Final Ruling on Petitioner's Pending 28 U.S.C. § 2254." In support of his request to have the court stay this matter, he stated that after filing the present habeas corpus petition with this court, he discovered new issues that he felt needed to be raised in the state courts of Alabama. He, therefore, wanted to raise all these "newly discovered issues" before consideration of his § 2254 petition.

Because it is unduly burdensome on the court to hold petitions in abeyance indefinitely, the motion to stay the petition was denied. Before proceeding to the merits of the petitioner's claims, he was allowed fourteen (14) days to determine whether he would like to proceed with this action. The petitioner was afforded three options:

    1.    File an amended petition in this matter, raising all the claims he desired to

               include in this federal petition; or

2.     File an affidavit stating that he desired to proceed with the petition as it now stands, raising only the claim of ineffective assistance of counsel at trial; or

3.     File a motion to dismiss the petition without prejudice to his right to file another petition after he has exhausted his state court remedies.

Madden was informed of the consequences of each choice. He did not respond to the magistrate judge's order.

After he did not respond, another order was entered affording him an additional period to respond. On November 13, 1998, he filed the present motion to dismiss the petition for writ of habeas corpus without prejudice to allow him to exhaust his state remedies as to all his claims. Accordingly, the motion is due to be granted. An appropriate order will be entered contemporaneously herewith.[1]

DONE this the 23rd day of November, 1998.

/s/ James H. Hancock
JAMES H. HANCOCK
UNITED STATES DISTRICT JUDGE

---

[1] In granting petitioner's motion, the court again directs him to pay particular attention to the limitations concerning post-conviction proceedings in state court as specified in Rule 32.2 of the *Alabama Rules of Criminal Procedure*.

3